11-0825-ag(L)
*Duffy, et al. v. United States of America, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of November, two thousand twelve.

PRESENT:

> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> SUSAN L. CARNEY,
>           *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

WILLIAM DUFFY, GENE PANESSA, ANTHONY CAROLLO, JR., LAWRENCE PERSICO,

> *Interested Parties-Appellants,*

JAMES MASCARELLA,

> *Defendant-Appellant,*

>           -v.-                                    Nos. 11-0825-cv(L); 11-0967-ag(CON)

UNITED STATES OF AMERICA,

> *Plaintiff-Appellee,*

LOCAL 14-14B OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS,

> *Defendant-Appellee,*

ETHICAL PRACTICES ATTORNEY OF INTERNATIONAL UNION OF

1

OPERATING ENGINEERS LOCAL 14-14B, GEORGE A.
STAMBOULIDIS, ESQ., the court-appointed Ethical Practices
Attorney of the International Union of Operating Engineers
Local 14-14B,

> *Interested Parties-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR INTERESTED PARTY-APPELLANT
WILLIAM DUFFY:**                          Frederick Kevin Brewington, Law Offices of
                                          Frederick K. Brewington, Hempstead, NY.

**FOR INTERESTED PARTY-APPELLANT
GENE PANESSA AND DEFENDANT
APPELLANT JAMES MASCARELLA:**             ROBERT JAMES LA REDDOLA, La Reddola, Lester
                                          & Associates, LLP, Garden City, NY.

**FOR INTERESTED PARTIES-APPELLANTS
ANTHONY CAROLLO, JR. AND
LAWRENCE PERSICO:**                       CHRISTOPHER A. SMITH (Seth Ptasiewicz, *on the
                                          brief*), Trivella & Forte, LLP, White Plains, NY.

**FOR PLAINTIFF-APPELLEE:**               KENNETH MATTHEW ABELL, Assistant United
                                          States Attorney (Varuni Nelson, Richard K.
                                          Hayes, Assistant United States Attorney, *on the
                                          brief*), *for* Loretta E. Lynch, United States Attorney,
                                          United States Attorney's Office for the Eastern
                                          District of New York.

**FOR DEFENDANT-APPELLEE:**               James Michael Steinberg, Peter Thomas Sheridan,
                                          Brady, McGuire & Steinberg P.C., Hastings-on-
                                          Hudson, NY.

**FOR INTERESTED PARTY-APPELLEE:**        GEORGE A. STAMBOULIDIS (Lauren J. Resnick,
                                          Patrick Thomas Campbell, Christy Ann Nixon,
                                          Denise Dorothy Vasel, *on the brief*), Baker &
                                          Hostetler LLP, New York NY.

Appeal from a February 1, 2011 order of the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 1, 2011 order of the District Court be **AFFIRMED**.

William Duffy, Gene Panessa, Anthony Carollo, Jr., Lawrence Persico, and James Mascarella (jointly, "appellants") appeal from an order of the District Court granting George A. Stamboulidis' motion to enforce a consent decree and judgment. Appellants are current or former members of Local 14-14B ("Local 14") of the International Union of Operating Engineers ("IUOE"). We assume familiarity with the underlying facts and procedural history of this case.

This appeal concerns the government's continuing efforts to combat the influence of organized crime on Local 14. In July of 2008, the United States brought suit against Local 14 under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68. On August 11, 2008, the District Court signed and entered a consent decree and judgment ("Consent Decree") settling the case. The purpose of the Consent Decree was, among other things, "to eradicate Corruption . . . and any organized crime influence within Local 14 while preserving the Local's strength and autonomy as the bargaining agent and representative of its membership." Joint App'x 41. To accomplish this goal, the Consent Decree provided for the appointment of an "Ethical Practices Attorney" ("EPA"), who, along with an appointed Hearing Officer, would wield the authority "to conduct disciplinary proceedings and take disciplinary action [to] the full extent of authority that Local 14 has under the IUOE Constitution." *Id.* at 42, 46. In particular, the EPA was empowered "[t]o commence disciplinary proceedings and bring charges against any member of the IUOE or any IUOE local who has engaged in Corruption Concerning Local 14."[1] *Id.* at 48.

After the Consent Decree was entered, the EPA, George A. Stamboulidis, notified appellants that they faced potential disciplinary charges. It quickly became clear that, for each appellant, the potential charges stemmed from an organized-crime-related felony to which the appellant had pleaded

---

[1] The Consent Decree defines "Corruption" as including, but not being limited to:

(1) Engaging in conduct which constitutes or furthers an act of racketeering as enumerated or defined in 18 U.S.C. § 1961(1);

(2) Knowingly associating with any member, associate, or other individual involved with any organized criminal group, including any [La Cosa Nostra] family, or knowingly associating with any Barred Person;

(3) Obstructing the work of the Court-appointed Ethical Practices Attorney and Hearing Officer, described herein, or the implementation of any other relief that may be imposed in this case;

(4) Knowingly permitting, aiding or abetting any member or associate of the LCN, or any other organized criminal group, to exercise control or influence in the conduct of Local 14's affairs;

(5) Any violation of federal or state law involving the operation of a "labor organization" as that term is defined in 29 U.S.C. § 402(i) and (j) which could serve as the basis of a criminal charge under federal or state law;

(6) Any violation of federal or state law involving an "employee welfare plan" or an "employee pension benefit plan" as those terms are defined in the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* which could serve as the basis of a criminal charge under federal or state law; and

(7) Any act or inaction which furthers the influence of any organized criminal group.

Joint App'x 43.

guilty in either 2004 or 2005—three or four years before the Consent Decree was entered. Appellants responded to Stamboulidis that they did not believe the Consent Decree empowered the EPA to bring charges for conduct that occurred prior to the effective date of the Decree.

In response, Stamboulidis filed a motion with the District Court, seeking to clarify the EPA's authority under the Consent Decree to bring charges for past conduct. The District Court found "that retroactive application of the anti-corruption provisions of the Consent Decree is not only permissible, but also necessary to implement the Consent Decree's intent." Appellants now argue that the District Court erred in finding that the Consent Decree applies retroactively.[2]

## DISCUSSION

We review a district court's interpretation of a consent decree *de novo*. *Broadcast Music, Inc. v. DMX Inc.*, 683 F.3d 32, 43 (2d Cir. 2012). However, "'[f]ew persons are in a better position to understand the meaning of a consent decree than the district judge who oversaw and approved it.'" *United States v. Local 359, United Seafood Workers*, 55 F.3d 64, 68 (2d Cir. 1995) (quoting *Berger v. Heckler*, 771 F.2d 1556, 1576 n.32 (2d Cir. 1985)). Therefore, "[o]ften deference is given to the interpretation made by the district judge who approves the decree, a precept especially appropriate in circumstances where the judge has played a role in supervising the negotiation of the terms of the decree." *Doe v. Pataki*, 481 F.3d 69, 76 (2d Cir. 2007).

We see no reason to depart from the reasoned analysis of the District Court that the Consent Decree permits retroactive enforcement of its anti-corruption provisions. As the District Court has explained, the provisions delegating to the EPA the Union's existing power to bring disciplinary charges and the authority to commence proceedings against any member who "has engaged" in corruption make clear that the EPA may proceed against appellants for their past conduct relating to organized crime. The Consent Decree's explicit purpose of ridding Local 14 of the influence of organized crime only confirms this conclusion, as does Local 14's agreement that the Consent Decree's anti-corruption provisions apply retroactively.

Appellants' arguments to the contrary are unconvincing. Appellants principally rely on two provisions that they claim preclude retroactive enforcement. First, appellants point to the section titled "Effective Date of Consent Decree," which reads, "[t]he provisions of this Consent Decree shall be effective upon the filing of this executed Consent Decree in the District Court." Joint App'x 69. This provision simply states when the rules and procedures set forth in the Consent Decree will be initiated, and has no bearing whatsoever on retroactive enforcement of the substantive terms of the Consent Decree. Of course, a Consent Decree that applies retroactively still has an effective date.

---

[2] Appellants also argue that the Consent Decree should not be modified to incorporate retroactivity. Because we find no error with the District Court's interpretation of the Consent Decree, we do not address this argument.

4

Second, appellants point to the "Future Practices" provision, which reads, in relevant part, "[t]he parties intend the provisions set forth herein to govern Local 14's practices in the areas affected by this Consent Decree, *now and in the future*." *Id.* at 70 (emphasis added). This provision is irrelevant. This provision merely explains that the practices of Local 14 must continue to comply with the Consent Decree. Indeed, the very next sentence of the provision states that "Local 14 shall give prior written notice to the United States Attorney's Office and to the Ethical Practices Attorney of any proposed changes to its By-Laws." *Id.*

In sum, appellants have advanced no basis for contradicting the express terms of the Consent Decree, which, in the words of the District Court, demonstrate "that retroactive application of the anti-corruption provisions of the Consent Decree is not only permissible, but also necessary to implement the Consent Decree's intent."

## CONCLUSION

We have carefully reviewed the record and the parties' arguments on appeal, and we affirm the February 1, 2011 order of the District Court.

> FOR THE COURT,
> Catherine O'Hagan Wolfe, Clerk of Court

5